BENJAMIN C. MIZER
Acting Assistant Attorney General
MARCIA BERMAN
Assistant Branch Director
EMILY S. NEWTON, Va. Bar No. 80745
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20530
Tel: (202) 305-8356
Fax: (202) 616-8470
Email: emily.s.newton@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF ARIZONA; AMERICAN CIVIL LIBERTIES UNION OF SAN DIEGO AND INPERIAL COUNTIES,<br><br>*Plaintiffs*,<br>v.<br><br>OFFICE FOR CIVIL RIGHTS AND CIVIL LIBERTIES, U.S. DEPARTMENT OF HOMELAND SECURITY; OFFICE OF INSPECTOR GENERAL, U.S. DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>*Defendants.* | No. 2:15-cv-00247-JJT<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF** |

Defendants, the Office for Civil Rights and Civil Liberties, U.S. Department of Homeland Security ("CRCL"), the Office of Inspector General, U.S. Department of Homeland Security ("OIG"), United States Customs and Border Protection ("CBP"), United States Immigration and Customs Enforcement ("ICE"), and the United States Department of Homeland Security ("DHS"), through their undersigned counsel, hereby

1

answer Plaintiffs' Complaint for Injunctive Relief as follows. Plaintiffs' inclusion of footnotes throughout the Complaint does not comply with Federal Rule of Civil Procedure 10(b), requiring that allegations be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." As such, no response is required to these footnotes.

## INTRODUCTION

1. This paragraph consists of Plaintiffs' characterization of this lawsuit and conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

2. With respect to the first two sentences, Defendants admit that, by a letter dated December 3, 2014, Plaintiffs submitted to DHS a Freedom of Information Act ("FOIA") request (hereinafter "the FOIA request"), which is attached to the Complaint as Exhibit A. Defendants deny any characterization of the request, which speaks for itself, and respectfully refer the Court to the request for a complete and accurate statement of its contents. The third sentence contains Plaintiffs' characterization of this lawsuit, to which no response is required.

3. Deny.

## JURISDICTION AND VENUE

4. This paragraph consists of conclusions of law regarding jurisdiction, to which no response is required.

5. This paragraph consists of a conclusion of law regarding venue, to which no response is required.

6. This paragraph consists of argument and conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

## PARTIES

7-8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

9. With respect to the first and third sentences of this paragraph, Defendants admit that DHS is a department within the Executive Branch of the United States Government and includes within it ICE, CBP, the Office of Border Patrol ("BP"), OIG, CBP Internal Affairs, ICE Office of Professional Responsibility, and CRCL. Defendants admit the allegation in the second sentence of this paragraph. With respect to the fourth sentence of this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

10. With respect to the first sentence of this paragraph, Defendants admit only that ICE is a component of DHS subject to the FOIA. With respect to the second sentence of this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

11. With respect to the first and second sentences of this paragraph, Defendants admit only that CBP is a component of DHS subject to the FOIA and includes sub-agency Office of Border Patrol. With respect to the third sentence of this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

12. With respect to the first sentence of this paragraph, Defendants admit only that OIG is a component of DHS subject to the FOIA. With respect to the second sentence of this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

13. With respect to the first sentence of this paragraph, Defendants admit that CRCL is a component of DHS and that among its responsibilities is the investigation of civil rights complaints involving DHS policies and personnel. With respect to the

second sentence of this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation.

**FACTS**

14. This paragraph consists of Plaintiffs' characterization of facts unrelated to their legal claims, rather than facts showing that Plaintiffs are entitled to relief under FOIA, as required by Fed. R. Civ. P. 8(a)(2), and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

15. Defendants admit only that Plaintiffs submitted a complaint to CRCL and OIG by letter dated June 11, 2014. The remainder of this paragraph consists of Plaintiffs' characterization of facts unrelated to their legal claims, rather than facts showing that Plaintiffs are entitled to relief under FOIA, as required by Fed. R. Civ. P. 8(a)(2), and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

16-20. These paragraphs consist of argument, conclusions of law, and Plaintiffs' characterization of facts unrelated to their legal claims, rather than facts showing that Plaintiffs are entitled to relief under FOIA, as required by Fed. R. Civ. P. 8(a)(2), and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in these paragraphs.

21. The allegation that DHS violated the FOIA is a conclusion of law, to which no response is required; to the extent a response is deemed necessary, this allegation is denied. The remainder of this paragraph consists of Plaintiffs' characterization of facts unrelated to their legal claims, rather than facts showing that Plaintiffs are entitled to relief under FOIA, as required by Fed. R. Civ. P. 8(a)(2), and therefore no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

**PLAINTIFFS' FOIA REQUEST**

22. Defendants admit only that, by email and certified postal mail, Plaintiffs submitted to the DHS Privacy Office a FOIA request dated December 3, 2014, which is attached to the Complaint as Exhibit A. Defendants deny any characterization of the request, which speaks for itself, and respectfully refer the Court to the request for a complete and accurate statement of its contents.

23. Defendants admit that Plaintiffs requested expedited processing of, and a waiver of fees related to, the FOIA request. Defendants respectfully refer the Court to the cited statutory and regulatory provisions for a complete and accurate statement of their contents.

24. Defendants admit that Plaintiffs' request was received by the DHS Privacy Office via email on December 11, 2014. Defendants admit that the DHS Privacy Office transferred the request to CBP, ICE, CRCL, and OIG. Because Plaintiffs' inclusion of footnote 14 does not comply with Fed. R. Civ. P. 10(b), no response is required. To the extent a response is deemed necessary, Defendants admit only that the DHS Privacy Office received the FOIA request December 11, 2014.

25. Defendants admit that on December 16, 2014, a CRCL employee sent an email to Plaintiffs (attached to Plaintiffs' Complaint as Exhibit B), acknowledging CRCL's receipt of the FOIA request. Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents.

26. Defendants admit that on December 19, 2014, an ICE employee sent an email to Plaintiffs (attached to Plaintiffs' Complaint as Exhibit C), denying their requests for expedited processing and a waiver of fees and also invoking a ten-day extension to make a determination on the FOIA request. Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents.

27. Defendants admit that on January 9, 2015 and January 20, 2015, a CRCL employee sent emails to Plaintiffs (attached to Plaintiffs' Complaint as Exhibits D and E

respectively), requesting that Plaintiffs narrow the scope of their FOIA request. Defendants respectfully refer the Court to the emails for a complete and accurate statement of their contents.

28. Defendants admit that on January 22, 2015, an OIG employee emailed a letter to Plaintiffs (attached to Plaintiffs' Complaint as Exhibit F), acknowledging receipt of the referral from the DHS Privacy Office, denying Plaintiffs' request for expedited processing, invoking a ten-day extension under the FOIA, and inviting Plaintiffs to narrow the scope of their request. Defendants respectfully refer the Court to the OIG's letter for a complete and accurate statement of its contents. Because Plaintiffs' inclusion of footnote 15 does not comply with Fed. R. Civ. P. 10(b), no response is required. To the extent a response is deemed necessary, Defendants admit only that OIG received the FOIA request December 15, 2014, although OIG's January 22, 2015 letter erroneously states that OIG received the request January 15, 2015.

29. Defendants admit that on January 26, 2015, attorney for Plaintiffs sent an email to CRCL (attached to Plaintiffs' Complaint as Exhibit G), denying CRCL's request to narrow the scope of the FOIA request.

30. With respect to the first sentence of this paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation. With respect to the second sentence of this paragraph, Defendants admit only that Plaintiffs have not received a final determination on all of their requests.

31. This paragraph consists of a conclusion of law, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegation.

32. Defendants admit only that the DHS Privacy Office received the FOIA request on December 11, 2014. The remainder of this paragraph consists of a conclusion of law, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegation.

33.     This paragraph consists of conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegation.

34.     Defendants admit the allegations in the first two sentences of this paragraph.  The third sentence consists of a conclusion of law, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegation.

35.     Defendants admit that ICE received the FOIA request on December 15, 2014 and invoked a ten-day extension to make a determination on the FOIA request.  The second sentence of the paragraph consists of a conclusion of law, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegation.

36.     This paragraph consists of conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations.

37.     The allegation in this paragraph consists of a conclusion of law, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegation.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that "Defendants are in possession and have control over the records sought by Plaintiffs."  The remainder of the paragraph consists of a conclusion of law, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegation.

39.     The allegation in this paragraph consists of a conclusion of law, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegation.

**CAUSES OF ACTION**

40.     Defendants restate and incorporate by reference the responses contained in all preceding paragraphs herein.

41. This paragraph consists of a conclusion of law, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegation.

42. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

43. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

44. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

45. Defendants admit only that they have not made all final determinations on Plaintiffs' request for a waiver or limitation of fees. The remainder of this paragraph consists of conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

**REQUESTED RELIEF**

The remaining paragraphs of the Complaint contain a prayer for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in the prayer for relief, and further aver that Plaintiffs are not entitled to the requested relief or any other relief from Defendants. Defendants deny any and all allegations in the Complaint not expressly admitted herein to which a response is deemed necessary.

**DEFENSES**

1. Plaintiffs' claims are barred by their failure to exhaust administrative remedies.

2. Defendants' actions did not violate the FOIA or any other statutory or regulatory provision.

3.     Plaintiffs are not entitled to compel production of records protected from disclosure by one or more exemptions under the FOIA.

**CONCLUSION**

WHEREFORE, having fully answered, Defendants respectfully request that the Court enter judgment dismissing this action with prejudice and awarding Defendants costs and such other relief as the Court may deem appropriate.

RESPECTFULLY SUBMITTED this 26th day of March, 2015.

BENJAMIN C. MIZER
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director, Federal Programs Branch

*/s/ Emily S. Newton*
EMILY S. NEWTON
Trial Attorney
(Va. Bar No. 80745)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 7145
Washington, DC 20530
Tel.:   (202) 305-8356
Email: emily.s.newton@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2015, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mitra Ebadolahi
Victoria Lopez
David Loy
James Duff Lyall
Daniel Joseph Pochoda
Aarti G. Reddy
Whitty Somvichian

*/s/ Emily S. Newton*
EMILY S. NEWTON
Trial Attorney

10