WO　　　　　　　　　　NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| American Civil Liberties Union of Arizona, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>United States Department of Homeland Security Office for Civil Rights and Civil Liberties, *et al.*,<br><br>　　　　　Defendants. | No. CV-15-00247-PHX-JJT<br><br>**ORDER** |

At issue is Defendants' Motion for Extension of Production and Briefing Deadlines (Doc. 22, Mot.), to which Plaintiffs filed a Response (Docs. 23, 24, Resp.) and Defendants filed a Reply (Doc. 26, Reply).

**I.　Background**

After submitting a Freedom of Information Act ("FOIA") request on December 3, 2014, on February 11, 2015, Plaintiffs filed their FOIA Complaint under 5 U.S.C. § 552, for injunctive and other relief, seeking the immediate processing and release of agency records from Defendants United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), United States Customs and Border Protection ("CBP"), the DHS Office of Inspector General ("OIG"), and DHS Office for Civil Rights and Civil Liberties ("CRCL") (collectively, Defendants). (Doc. 1, Compl. at 1–2, Ex. A.) The parties submitted a Joint Status Report on September 30, 2015 (Doc. 18, JSR), and the Court held a hearing on October 8, 2015 in which it issued a Scheduling

Order. In the Scheduling Order, the Court ordered that Defendants produce all responsive documents to Plaintiffs' FOIA request on a rolling basis, to be completed no later than May 27, 2016. (Doc. 20.) The Court also ordered that Defendants produce *Vaughn* indexes by the same date. (Doc. 21.)

**II.     Extension of Production Deadlines**

In their Motion, Defendants request that the deadlines for CBP and OIG's production of documents be extended from May 27 to September 30 and December 31, 2016, respectively. (Mot. at 3.) Defendants argue they have met the applicable standard – "good cause" under Federal Rule of Civil Procedure 16(b)(4) – for an extension. (Reply at 2.) Plaintiffs argue a different standard applies. They argue that under 5 U.S.C. § 552(a)(6)(C), Defendants must show "exceptional circumstances" and "due diligence in responding to the request" in order to obtain an extension. (Resp. at 2.) Under either standard, the decision whether to grant an extension is in the Court's discretion. *See Ferguson v. F.B.I.*, 722 F. Supp. 1137, 1140 (S.D.N.Y. 1989); § 552(a)(6)(C); Fed. R. Civ. P. 16(b)(4).

The Court is not persuaded by Defendants' argument that they need only show "good cause" under Rule 16(b)(4) and finds that the § 552(a)(6)(C) standard applies. *See Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 62 (D.C. Cir. 1990) (stating that if an agency has not responded to the FOIA request within the statutory time limit, the requestor may bring suit and the court may then grant an extension of time to the agency); *Open Am. v. Watergate Special Prosecution Force,* 547 F.2d 605, 610 (D.C. Cir. 1976) (holding that the district court properly granted an extension of time to the agency when the agency was deluged with requests for information vastly in excess of that anticipated by Congress). In the absence of clear case law identifying what standard should apply when an agency requests an extension to a Court-ordered schedule for production of FOIA-requested documents, the Court is persuaded by case law applying the § 552(a)(6)(C) standard where some form of extension was requested. The Court is also persuaded by policy concerns that informed the 1974 Amendments to FOIA, namely to "force

increased expedition in the handling of FOIA requests," recognizing that "[e]xcessive delay by the agency in its response is often tantamount to denial." *Open Am.*, 547 F.2d at 617 (quoting H. Rep. No. 93-876, 93d Cong., 2d Sess. (1974), U.S. Code Cong. & Ad. News, p. 6271). Section 552(a)(6)(C) was amended in response to the rigid timelines of § 552(a)(6)(A), and under such provision, the "agency may ask for, and the court is authorized to grant, additional time" for the agency "to examine requested records in exceptional circumstances where the agency was exercising due diligence in responding to the request and had been since the request was received." *Oglesby*, 920 F.2d at 62 n.3 (quoting Joint Comm. Print, Freedom of Information Act and Amendments of 1974, Pub. L. No. 93–502, 94th Cong., 1st Sess. 471 (1975) & H.R. Conf. Rep. No. 1380, at 11); *see also Open Am.*, 547 F.2d at 610 n.11.

The term exceptional circumstances "does not include a delay that results from a predictable agency workload of requests." § 552(a)(6)(C)(ii); *see Mayock v. I.N.S.*, 714 F. Supp. 1558, 1565–66 (N.D. Cal. 1989) *rev'd on other grounds, sub nom. Mayock v. Nelson*, 938 F.2d 1006 (9th Cir. 1991) ("[T]his court has difficulty finding that a normal, predictable workload is an 'exceptional circumstance,' especially where the INS has made no showing that it has unsuccessfully sought more FOIA resources from Congress or attempted to redirect its existing resources."). Also, "[i]nadequate staff, insufficient funding or a great number of requests are not within the meaning of 'exceptional circumstances' as that language is used in the statute nor were they within the contemplation of its framers as evidenced by the legislative history." *Hamlin v. Kelley*, 433 F. Supp. 180, 182 (N.D. Ill. 1977). The Court agrees with other courts' observations that were courts to find otherwise, "[s]o long as an agency could show that it had received more requests than it could handle, and that it was proceeding diligently," which most agencies could show, then the agency would not need to comply the statute's timing requirements. *Mayock*, 714 F. Supp. at 1566 (quoting *Caifano v. Wampler,* 588 F. Supp. 1392 (N.D. Ill. 1984)). Such an interpretation would render the timing requirements a "non-entity," and it is unlikely that Congress intended such a result. *Id*. Exceptional

circumstances do exist where the agency has "found it impossible to respond to a request within the time limits specified, even with all due diligence." *Open Am.*, 547 F.2d at 611.

Defendants argue they should be granted an extension because the number of responsive documents identified has increased, the agencies are unable to meet the current deadline despite increasing resources devoted to Plaintiffs' request, and Plaintiffs have refused to narrow their request. Defendants state that since the parties filed their JSR, "OIG and CBP have identified an additional 22,000 pages of potentially responsive records – over 50% more than initially estimated in the JSR." (Reply at 5.) They also state they have devoted more resources to Plaintiffs' request than any other request in litigation. (Reply at 5–6.)

That the volume of potentially responsive records has increased does not constitute an exceptional circumstance. At the October 2015 hearing, Defendants informed the Court that OIG had identified at least 13,000 potentially responsive pages and since then, Defendants claim OIG's page estimate has increased over 25%. (Reply at 5 n.2.) CBP also discovered an additional 1,000 pages, approximately a 5% increase from the number of pages identified in the JSR. (Mot. at 7; JSR at 5.) Although, combined, this is a significant increase from previous estimates, the Court was aware of the large number of potentially responsive documents at the October 2015 hearing when it set the current production schedule and does not find that, in this instance, an increase of over 25% and 5% for OIG and CBP, respectively, constitutes an exceptional circumstance meriting the extensions Defendants request. This is especially so where Defendants have been aware of Plaintiffs' FOIA request for approximately 14 months and the timing of determining responsive documents has been in their control during this time.

In their Motion and Reply, Defendants detail how OIG and CBP have increased resources devoted to Plaintiffs' request and continually produced records to Plaintiffs at increased production rates. (Mot. at 9–12; Reply at 6–7.) They also note that OIG's FOIA caseload has significantly increased over the past year. (Mot. at 10.) Defendants contend that despite taking such steps and already prioritizing Plaintiffs' request over other FOIA

requests, the agencies cannot meet the current production deadline without jeopardizing other FOIA matters. (Mot. at 9; Reply at 7–8.) The Court does not find that the circumstances Defendants outline demonstrate anything more significant than a fairly predictable agency workload of requests, inadequate staff, and insufficient funding, all of which do not ordinarily constitute exceptional circumstances. *See* § 552(a)(6)(C)(ii); *Mayock*, 714 F. Supp. at 1565–66; *Hamlin*, 433 F. Supp. at 182. Defendants further contend it would be impossible to meet the May 27, 2016 deadline. The Court is not persuaded by that contention at this juncture, since in the instant case, Defendants received Plaintiffs' request more than 14 months ago and have only recently considerably increased resources devoted to the request. Finally, the Court finds Plaintiffs were under no burden to narrow their request and their refusal to do so does not constitute exceptional circumstances.

Because Defendants have failed to show exceptional circumstances, the Court need not analyze due diligence.

The Court finds Defendants are not entitled to their requested extensions for production of documents. However, the Court is mindful of the delay that has occurred as a result of this Motion, also observing that further delay will prejudice Plaintiffs; accordingly, the Court will slightly extend the document production and briefing deadlines in this case as set forth below.

**III.     Extension of *Vaughn* Index Deadlines**

All of the agency Defendants request that the Court extend the deadline requiring them to produce their *Vaughn* indexes contemporaneously with their final productions, previously set for May 27, 2016, to one month after each agency's respective final production deadlines for preliminary *Vaughn* indexes and to the date of their summary judgment motions for final *Vaughn* indexes. (Mot. at 3.) The Court acknowledges the burden placed upon Defendants to produce documents for the FOIA request and the *Vaughn* indexes concurrently. However, significant time has passed between the current

Motion and the initial FOIA request, and Defendants maintain they have already produced responsive documents in the interim.

Weighing these considerations and keeping in mind that the purpose of the *Vaughn* index is to educate the requester and the Court, the Court will extend the deadlines for the production of the *Vaughn* indexes and require that Defendants produce both preliminary and final *Vaughn* indexes as proposed. *See People ex rel. Brown v. E.P.A.*, No. C-07-02055-JSW, 2007 WL 2470159, at *2 (N.D. Cal. Aug. 27, 2007). Like the final *Vaughn* indexes, the preliminary *Vaughn* indexes shall be comprehensive and list and describe each document withheld by the agency with sufficient detail to enable the Court to rule whether it falls within a FOIA exemption. *See Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 688 (9th Cir. 2012). The revised schedule set forth below provides Defendants with additional time to complete thorough *Vaughn* indexes, and the preliminary *Vaughn* indexes allow Plaintiffs an opportunity to learn of and narrow the issues in dispute prior to the deadline for Defendants' dispositive motion.

**IT IS THEREFORE ORDERED** denying in part Defendants' Motion for Extension of Production and Briefing Deadlines as to the extension of document production and briefing deadlines, but granting in part the Motion as to the extension of *Vaughn* index deadlines (Doc. 22).

**IT IS FURTHER ORDERED** resetting the document, briefing, and *Vaughn* index production schedule as follows:

- As previously ordered, Defendants ICE and CRCL shall produce all responsive documents on a rolling basis, to be completed no later than May 27, 2016. These Defendants shall produce <u>preliminary</u> *Vaughn* indexes no later than June 10, 2016.

- Defendants OIG and CBP shall produce all responsive documents on a rolling basis, to be completed no later than July 8, 2016 (previously May 27, 2016). These Defendants shall produce <u>preliminary</u> *Vaughn* indexes no later than July 22, 2016.

- Defendants' opening brief and accompanying declarations shall be filed by August 8, 2016 (previously June 17, 2016). All agency Defendants shall produce their <u>final</u> *Vaughn* indexes no later than August 8, 2016.
- Plaintiff's cross-motion and opposition shall be filed no later than September 9, 2016 (previously July 22, 2016).
- Defendants' reply and opposition shall be filed no later than October 7, 2016 (previously August 19, 2016).
- Plaintiff's reply shall be filed no later than October 21, 2016 (previously September 2, 2016).

**IT IS FURTHER ORDERED** that beginning May 1, 2016, Defendant agencies shall provide brief monthly status reports every first day of the month to Plaintiffs. The reports shall indicate the review rate, remaining documents, and otherwise show Defendants' compliance with the Court's Scheduling Orders.

Dated this 31st day of March, 2016.

*[signature]*

Honorable John J. Tuchi
United States District Judge