CHAD A. READLER
Acting Assistant Attorney General
MARCIA BERMAN
Assistant Branch Director
EMILY S. NEWTON (Va. Bar No. 80745)
STUART J. ROBINSON (Cal. Bar No. 267183)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20530
Tel: (202) 305-8356
Fax: (202) 616-8470
Email: emily.s.newton@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| ACLU FOUNDATION OF ARIZONA; ACLU FOUNDATION OF SAN DIEGO AND IMPERIAL COUNTIES,<br><br>*Plaintiffs*,<br><br>v.<br><br>OFFICE FOR CIVIL RIGHTS AND CIVIL LIBERTIES; U.S. DEPARTMENT OF HOMELAND SECURITY; OFFICE OF INSPECTOR GENERAL, U.S. DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>*Defendants*. | No. CV-15-00247-PHX-JJT<br><br>**DEFENDANTS' STATEMENT OF MATERIAL FACTS** |

Pursuant to Fed. R. Civ. P. 56 and Local Rule of Civil Procedure 56-1, Defendants respectfully submit this Statement of Material Facts in support of their Motion for Summary Judgment.

## STATEMENT OF UNCONTROVERTED FACTS[1]

Plaintiffs' Claims for Relief under the Freedom of Information Act ("FOIA") Fail Because Defendants Have Conducted a Reasonable Search, Properly Withheld Information Pursuant to FOIA Exemptions, and Waived Fees.

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
| --- | --- |
| 1.    On December 3, 2014, Plaintiffs submitted a FOIA request to DHS's Privacy Office ("PRIV"). | Pineiro ¶ 8; ECF No. 1-1 |
| 2.    PRIV believed that CBP, CRCL, ICE, and DHS OIG were the only components within DHS likely to have responsive records and therefore referred the request to those four components. | Tyrrell ¶ 11 |
| 3.    CRCL's FOIA office determined that, within CRCL, the Compliance Branch—which investigates complaints from the public alleging violations of civil rights and civil liberties in DHS activities—was the only branch likely to have records responsive to the FOIA request. | Tyrrell ¶ 13 |
| 4.    The Compliance Branch searched its Entellitrak database, which is where any potentially responsive records would be located, using the search terms "child OR children" and "unaccompanied minor." | Tyrrell ¶¶ 15-16 |
| 5.    The Compliance Branch then manually reviewed | Tyrrell ¶ 16 |

---

[1] In the Supporting Evidence column, "Howard" refers to the Declaration of Patrick Howard of U.S. Customs and Border Protection ("CBP"), Exhibit A; "Pineiro" refers to the Declaration of Fernando Pineiro of U.S. Immigration and Customs Enforcement ("ICE"), Ex. B; "Tyrell" refers to the Declaration of Kevin L. Tyrrell of the U.S. Department of Homeland Security's ("DHS) Office of Civil Rights and Civil Liberties ("CRCL"), Ex. C; and "OIG" refers to the Declaration of Florence Goal of DHS's Office of Inspector General ("OIG"), Ex. D.

2

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| the complaints returned from the search to determine if any involved issues responsive to Plaintiffs' request, including inappropriate touching/searching of a person, abuse of authority/misuse of official position, conditions of detention, excessive or inappropriate use of force, inappropriate questioning or inspection conditions, intimidation/threats/improper coercion, or sexual assault/abuse. | |
| 6.    As a result of its search and manual review, the Compliance Branch identified 492 complaints as potentially responsive to Plaintiffs' request. | Tyrrell ¶ 17 |
| 7.    CRCL's FOIA Office and DHS PRIV processed the 492 complaints and associated underlying documents and released 4,640 pages to Plaintiffs in response to their request. | Tyrrell ¶ 18-19 |
| 8.    CRCL made two supplemental releases to Plaintiffs in June 2016 and July 2016 to correct processing errors. | Tyrrell ¶ 21 |
| 9.    Kevin L. Tyrrell, the Associate Director of FOIA Appeals and Litigation for DHS PRIV, has submitted a declaration that discusses CRCL's searching and processing in greater detail. | Tyrrell ¶¶ 1, 11-17 |
| 10.   Kevin L. Tyrrell, the Associate Director of FOIA Appeals and Litigation for DHS PRIV, has submitted a declaration that describes the basis for CRCL's withholdings pursuant to the applicable FOIA exemptions. | Tyrrell ¶¶ 1, 22-28 |

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 11.  CRCL has submitted a *Vaughn* index that describes the information withheld and the bases for the withholdings under FOIA exemptions in greater detail. | Tyrrell ¶ 23, Ex. 1 |
| 12.   Kevin L. Tyrrell, the Associate Director of FOIA Appeals and Litigation for the DHS Privacy Office, has submitted a declaration that explains that CRCL has released all reasonably segregable non-exempt information responsive to the FOIA request. | Tyrrell ¶ 1, 29 |
| 13.   ICE's FOIA Office determined that the only ICE offices likely to have records responsive to Plaintiffs' FOIA request were the Office of Enforcement and Removal Operations ("ERO"), the Office of Detention Policy and Planning ("ODPP"), the Office of Human Capital, the Office of Professional Responsibility ("OPR"), and the Office of Policy. | Pineiro ¶ 23 |
| 14.   ERO's Information Disclosure Unit ("IDU") determined that the only offices within ERO likely to have records responsive to Plaintiffs' FOIA request were ERO Field Operations Division, Custody Management Division, Executive Associate Director's Office, and ICE Health Services Corps ("IHSC"). | Pineiro ¶ 26 |
| 15.   Within ERO Field Operations Division, and based on their subject matter expertise and knowledge of the offices' activities, a Unit Chief for the Eastern Region manually searched her email archives related | Pineiro ¶¶ 26, 28 |

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| to UACs, and a Unit Chief for the Western Region searched his email and computer files and remitted potentially responsive records to ICE FOIA. | |
| 16.   The Chief of Staff for the Custody Management Division searched the division shared drive using the search terms "complaint," or "investigation," or "discipline," or "disciplinary action," or "implementation of PREA," or "incident" and remitted potentially responsive records to ICE FOIA. | Pineiro ¶ 29 |
| 17.   The Deputy Executive Assistant Director with the Executive Director's Office searched his email using search terms including "verbal abuse of children," "physical abuse of children," "sexual abuse of children," "victim of child abuse act of 1990," "child abuse," "Prison Rape Elimination Act," "Complaints verbal abuse of children," "complaints physical abuse of children," "abuse of children DHS custody," "oversight of unaccompanied alien children," "detention facilities UACs," "investigation complaint children in DHS custody" and remitted potentially responsive records to ICE FOIA. | Pineiro ¶ 30 |
| 18.  Within IHSC, a Regional Field Medical Coordinator searched her computer and email using the search terms "abuse," "Dilley," "Karnes," "Children," and "Child"; the Field Medical Coordinator for West Valley City and Phoenix searched their computers and email using the search | Pineiro ¶ 31 |

5

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| terms "Juvenile," "Female," "Border Patrol," "Rape," "Assault," "Fight," "Altercation," "Incident," "Child," "Boy" "Girl," Woman/Women" "PREA," and "Child Abuse"; and a poc within Medical Quality Management Staff searched her computer and email using search terms including "Juvenile," "Children," "PREA," and "Child Abuse" and remitted potentially responsive records to ICE FOIA. | |
| 19.   ICE OPR searched its primary case management tool, the Joint Integrity Case Management System ("JICMS"), using the search terms "UAC," "Minor," "Detainee," "Uda," "Unaccompanied," "Child," and "Under age" and remitted potentially responsive records to ICE FOIA. | Pineiro ¶ 33 |
| 20.  Within ICE OPR, Management and Program Analysis searched JICMS using case numbers identified by agency counsel as likely to involve records responsive to Plaintiffs' request and remitted potentially responsive records to ICE FOIA. | Pineiro ¶ 34 |
| 21.  Based on its subject matter expertise and knowledge of the office's activities, ICE's Office of Policy determined that it would not have records responsive to Plaintiffs' request. | Pineiro ¶ 36 |
| 22.  Based on its subject matter expertise and knowledge of the office's activities, and after conducting a search using case numbers identified by agency counsel as likely to involve records responsive | Pineiro ¶ 38 |

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| to Plaintiffs' request, OHC determined that it did not have records responsive to Plaintiffs' request. | |
| 23.   ODPP searched the ICE intranet and ODPP's shared drive and email account and remitted potentially responsive records to ICE FOIA. | Pineiro ¶ 40 |
| 24.   Fernando Pineiro, the Deputy FOIA Officer at the ICE FOIA Office, has submitted a declaration that discusses ICE's searching and processing in greater detail. | Pineiro ¶¶ 1, 13-40 |
| 25.   DHS OIG referred 225 pages and CRCL referred 743 pages to ICE FOIA for processing and production to Plaintiffs. | Pineiro ¶ 42 |
| 26.   ICE FOIA referred 19 pages to DHS OIG for processing and production to Plaintiffs. | Pineiro ¶ 42 n.1 |
| 27.   After ICE FOIA processed all of the records remitted to it as a result of its searches, as well as the referrals from DHS OIG and CRCL, ICE FOIA produced to Plaintiff 2,856 pages of responsive records. | Pineiro ¶¶ 41-42, 45 |
| 28.   Fernando Pineiro, the Deputy FOIA Officer at the ICE FOIA Office, has submitted a declaration that describes the basis for ICE's withholdings pursuant to the applicable FOIA exemptions. | Pineiro ¶¶ 1, 47-74 |
| 29.   ICE FOIA has submitted a *Vaughn* index that describes the information withheld and the bases for the withholdings under FOIA exemptions in greater detail. | Pineiro ¶¶ 43-45, Ex. 1 |

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 30.   Fernando Pineiro, the Deputy FOIA Officer at the ICE FOIA Office, has submitted a declaration that explains that ICE has released all reasonably segregable non-exempt information responsive to the FOIA request. | Pineiro ¶¶ 1, 75-77 |
| 31.   OIG FOIA determined that OIG's Office of Audits ("AUD"), Office of Inspections ("ISP"), and Office of Investigations ("INV") were the OIG components likely to have records responsive to Plaintiffs' request. | Goal ¶¶ 6-8 |
| 32.   Based on the subject matter expertise of AUD division directors and their knowledge of the office's activities, and after conducting a search of AUD's electronic audit management system and Outlook using the search terms "child abuse," "children abuse," "Victims of Child Abuse Act," and "Prison Rape Elimination Act," AUD determined that it did not have records responsive to Plaintiffs' request. | Goal ¶¶ 10-12 |
| 33.   ISP searched its shared drive, located the folder of a relevant ISP review project, and remitted potentially responsive records, including scanned hardcopy documents and Outlook emails, to OIG FOIA. | Goal ¶ 16 |
| 34.   ISP conducted an additional search of its shared drive and the Outlook account of a relevant ISP project member using the search terms "child abuse," "children abuse," "Victims of Child Abuse Act," and | Goal ¶ 17 |

8

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| "Prison Rape Elimination Act," and did not locate any additional potentially responsive documents. | |
| 35.   INV searched its Enforcement Data System ("EDS"), an electronic case management and information tracking system into which all allegations of criminal, civil, and administrative violations are entered, querying the allegation categories "child" and "unaccompanied alien child" and using the search terms "child," "children," and "minor" within the complaint narrative field and remitted to OIG FOIA a narrative list of 214 complaints and investigations potentially responsive to Plaintiffs' request. | Goal ¶¶ 21, 28 |
| 36.   Per INV policy, all case files and documents relevant to OIG investigations are to be uploaded into EDS, including relevant emails and scanned hardcopy documents. | Goal ¶ 24 |
| 37.   Based on subject matter expertise and knowledge of the office's activities, INV managers/Special Agents in Charge also searched EDS, Outlook, and/or coordinated with special agents in their respective field offices to search for electronic case files maintained locally on computer hard drives for records related to OIG inspection reports concerning Unaccompanied Children ("UACs") and remitted potentially responsive records to OIG FOIA. | Goal ¶ 29 |
| 38.   INV provided documents and emails related to the three OIG inspection reports regarding oversight | Goal ¶ 29 |

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| of UACs referred to in item 5(a) of Plaintiffs' request. | |
| 39.   INV further referred Plaintiffs' request to OIG's Office of Legislative Affairs ("OLA"), Office of Public Affairs ("OPA"), and OIG's Front Office. | Goal ¶ 30 |
| 40.   Subject matter experts in OLA, OPA, and OIG's Front Office searched relevant Outlook folders, including those of the Inspector General, and remitted potentially responsive records to OIG FOIA. | Goal ¶¶ 30, 32-33 |
| 41.   OIG's Information Technology Division ("ITD") further searched the emails of relevant employees in ISP, INV, and OIG's Front Office using the search terms "unaccompanied children," "unaccompanied alien children," "oversight of unaccompanied alien children," and "UAC" during the time period of Plaintiffs' request and remitted potentially responsive emails to OIG FOIA. | Goal ¶ 34 |
| 42.   ITD searched the Outlook account of a former OPA employee, who had been included on email correspondence concerning the UAC reports, using the search terms "unaccompanied children," "unaccompanied alien children," "oversight of unaccompanied alien children," and "UAC" during the time period of Plaintiffs' request and remitted potentially responsive records to OIG FOIA. | Goal ¶ 39 |
| 43.   IQO assisted with searching the narrative comment field of EDS using the search terms "unaccompanied alien child," "unaccompanied alien | Goal ¶¶ 36-37 |

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| minor," "unaccompanied child," "unaccompanied minor," "mistreatment of child," "mistreatment of minor," "mistreatment of unaccompanied," "years old," "ProBar," "the event number," "affidavit signed by the," and "Flores settlement agreement," thereby identifying an additional 162 UAC-related complaints and investigations for OIG FOIA. | |
| 44.   For the 376 UAC-related complaints and investigations identified in the course of OIG FOIA's search, OIG collected the relevant case files and associated documents from EDS for processing and production to Plaintiffs. | Goal ¶ 37 |
| 45.   INV contacted the OIG Houston District Office to obtain copies of the physical case files for the UAC-related investigations conducted by OIG, which were scanned and provided to the FOIA Unit in electronic format. | Goal ¶ 38 |
| 46.   Florence Goal of OIG has submitted a declaration that discusses OIG's searching and processing in greater detail. | Goal ¶¶ 1, 5-40 |
| 47.   OIG FOIA processed approximately 30,000 pages of documents that resulted from its search and produced approximately 12,000 pages of non-exempt responsive material to Plaintiffs. | Goal ¶ 40 |
| 48.   OIG referred nineteen (19) pages of document to the U.S. Department of Health and Human Services ("HHS"); 160 pages to the Federal Law Enforcement | Goal ¶¶ 64-67 |

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| Training Center ("FLETC"); ten (10) pages to the Drug Enforcement Agency ("DEA"); five (5) pages to the Federal Emergency Management Agency ("FEMA"). | |
| 49.   HHS produced eleven (11) pages of non-exempt, responsive material to Plaintiffs. | Goal ¶ 68 |
| 50.   Florence Goal of OIG has submitted a declaration that describes the basis for OIG's withholdings pursuant to the applicable FOIA exemptions. | Goal ¶¶ 1, 42-62 |
| 51.   OIG FOIA has submitted a *Vaughn* index that describes the information withheld and the bases for the withholdings under FOIA exemptions in greater detail. | Goal ¶ 42, Ex. 1 |
| 52.   OIG re-reviewed approximately 500 pages of records initially withheld in full pursuant to the deliberative process privilege under FOIA Exemption (b)(5) and thereafter released to Plaintiffs all but seven (7) documents withheld in part and two (2) documents withheld in full on the basis of the deliberative process privilege. | Goal ¶ 47 |
| 53.   Florence Goal of OIG has submitted a declaration that explains that OIG has released all reasonably segregable non-exempt information responsive to Plaintiffs' FOIA request. | Goal ¶¶ 69-70 |
| 54.   CBP determined that five CBP offices were the only ones likely to have records responsive to | Howard ¶ 8 |

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| Plaintiffs' request:  the U.S. Border Patrol ("USBP"), the Office of Human Resources Management ("HRM"), the Office of Professional Responsibility ("OPR"), the CBP Situation Room ("SITROOM"), and the Custody Support and Compliance Division ("CSCD"). | |
| 55.  USBP's twenty (20) sectors searched their relevant shared drives, emails, and databases for records responsive to Plaintiffs' request. | Howard ¶¶ 12-33 |
| 56.  Rio Grande Valley Sector searched its document management system using the search terms "abuse," "sexual abuse," "unaccompanied children," "unaccompanied juvenile," "PREA," "Complaints," and "confinement," and its Significant Incident Report ("SIR") module, the Intelligence and Operations Framework ("IOFS") system, ADHOC, and the Border Patrol Enterprise Reporting Tool ("BPERT") using the search terms "unaccompanied juveniles" and "sexual assault" and remitted potentially responsive records to CBP FOIA. | Howard ¶ 13 |
| 57.  Yuma and Grand Forks Sectors determined that it did not have potentially responsive records that would not already be produced by DHS OIG or OPR. | Howard ¶ 18 |
| 58.  Miami, Ramey, and New Orleans Sectors determined that they had no instances of alleged misconduct responsive to Plaintiffs' request. | Howard ¶ 19 |
| 59.  Based on its determination that the only | Howard ¶ 20 |

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| responsive records it would possess concern the implementation of PREA, Houlton searched its memoranda tracking database and Patrol Agents in Charge ("PAICs") and Command Staff emails using the search term "PREA" and remitted potentially responsive records to CBP FOIA. | |
| 60.   Blaine Sector searched its PAIC's, Deputy Patrol Agents in Charge ("DPAIC"), and Special Operations Supervisor's ("SOS") emails, Sector shared drive, and local shared drives using the search terms "children," "custody," "detention," "complaints" and remitted potentially responsive records to CBP FOIA. | Howard ¶ 21 |
| 61.   Buffalo Sector searched its shared drives, employee drives, emails of its PAIC and other management officials, and EID records using the search terms "assault," "child," "children," "complaint," "complaints," "confinement," "custody," "hospitalization," "investigation," "juvenile," "juvenile abuse," "mistreatment," "physical abuse," "prison," "prison rape elimination act," "rape," "sexual," "sexual abuse," "verbal," "verbal abuse," and "victims of child abuse act" and remitted potentially responsive records to CBP FOIA. | Howard ¶ 22 |
| 62.   Tucson Sector manually searched its Investigations database, shared drive, and SOS's email account and located no records responsive to Plaintiffs' request. | Howard ¶ 23 |

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 63.   San Diego Sector searched its SharePoint site, Operational Support Reference Site, and local shared drive using the search terms "allegation," "assault," "abuse," "complaint," and "compliance" and located no records responsive to Plaintiffs' request. | Howard ¶ 24 |
| 64.   Laredo Sector searched its shared drive using the search terms "children," "custody," "juvenile," "juvenile detainees," "abandoned children," "UAC," "unaccompanied alien children," "child abuse," "Victims of Child Abuse Act of 1990," "Prison Rape Elimination Act," "PREA," "complaints of child abuse," "sexual abuse of children," "verbal abuse of children," "physical abuse of children," "children in custody," "investigations of child abuse," and "misconduct involving children" and remitted potentially responsive records to CBP FOIA. | Howard ¶ 25 |
| 65.   El Paso Sector searched its Case Tracking System, Management Inquiry Team's folder on its shared drive, and its physical archive file storage system using the search terms "assault," "excessive force," "juvenile," "use of force," "sexual assault," and "allegation of abuse" and remitted potentially responsive records to CBP FOIA. | Howard ¶ 26 |
| 66.   Havre Sector searched EID and the emails of Sweetgrass Station's PAIC and DPAIC using the search terms "juvenile" and "abuse" and remitted potentially responsive records to CBP FOIA. | Howard ¶ 27 |

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 67.   Spokane Sector searched its shared drive and Mission Support Director's email using the search terms "unaccompanied alien children," "victims of child abuse act of 1990," "sexual abuse of children," "verbal abuse of children," "physical abuse of children," "prison rape elimination act," and "children in DHS custody" and remitted potentially responsive records to CBP FOIA. | Howard ¶ 28 |
| 68.   El Centro Sector searched its staff's shared drive and SOS's email account using the search terms "prison rape," "PREA," "abuse," "child abuse," "victims of child abuse," "child abuse act," "unaccompanied children," and "children" and remitted potentially responsive records to CBP FOIA. | Howard ¶ 29 |
| 69.   Big Bend Sector searched its network drives, email archives of its PAICs, complaint logs, physical files, and SIR module using the search terms "UAC," "unaccompanied children," "rape elimination," "complaints," "victims," "abuse," "physical," "sexual," "child abuse act," "policy," "DHS," "juvenile," "children," "allegations," "abuse of minor," "misconduct," "accusations," "reporting," "verbal," "PREA," "confinement," "conditions," "disciplinary," "inspection," "detention," "facility," "treatment," "Prison Rape Elimination Act," and "OIG" and remitted potentially responsive records to CBP FOIA. | Howard ¶ 30 |

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 70.   Del Rio Sector searched the local Labor and Employee Relations ("LER") and Management Inquiry Team ("MIT") hard copy archives and conducted a keyword search of its local email archives and shared drive using the search terms "abuse," "assault," "sexual," "child," "children," "juvenile," "juvy," "UAC," "unaccompanied," "allegation," "PREA,"   "Prison   Rape   Elimination   Act," allegations," "transport," "complaint," and "OIG" and remitted potentially responsive records to CBP FOIA. | Howard ¶ 31 |
| 71.   Swanton   Sector   searched   its   staff   and supervisory shared drives and the email archives of its Deputy Chief Patrol Agent ("DCPA"), Division Chiefs, and Operations Officer using the search terms "UAC," "children," "juveniles," and "management inquiries" and did not locate any records potentially responsive to Plaintiffs' request. | Howard ¶ 32 |
| 72.   Detroit Sector searched EID; its shared drive; emails of the PAICs, DPAICs, and training staff; and the National File Tracking System ("NFTS") using the search terms "rape," "juvenile," "detention," "abuse," "complaint,"   "allegation,"   "rape   prevention," "PREA," "prison rape," "child abuse," "Prison Rape Elimination Act," "Victims of Child Abuse Act," "verbal abuse," "physical abuse," and "sexual abuse" and remitted potentially responsive records to CBP FOIA. | Howard ¶ 33 |

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 73. CBP's Office of Human Resources Management's Division of Labor and Employee Relations, which receives referrals from Internal Affairs, searched its Human Resources Business Engine ("HRBE") using the search terms "minor," "juvenile," "child," "children," "UAC," "conditions," "unaccompanied," "overcrowded," "frigid cells," "72 hours," "immigrant children," "refugee resettlement," "bedding," "accommodations," "shackles," "adequate food," "ProBAR," "custody of CBP," "CBP's custody" and did not locate any records potentially responsive to Plaintiffs' request. | Howard ¶ 34-36 |
| 74. Within OPR, the Investigative Operations Division ("IOD"), which investigates complaints of employee misconduct, searched JICMS in the time period of Plaintiffs' request using the search terms "minor" or "juvenile" or "child" or "children" or "UAC" or "conditions" or "unaccompanied" or "overcrowded" or "frigid cells" or "72 hours" or "immigrant children" or "refugee resettlement" or "bedding" or "accommodations" or "shackles" or "adequate food" or "ProBAR" or "custody of CBP" or "CBP's custody" and remitted potentially responsive records to CBP FOIA. | Howard ¶¶ 38-40 |
| 75. Within CBP's Office of the Commissioner, the SITROOM, which collects SIRs from CBP offices, searched the SIR module during the time period of | Howard ¶¶ 41-43 |

| | UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | Plaintiffs' requesting using the search terms "child" or "minor" or "children" or "juvenile" or "UAC" in conjunction with one or more of the search terms "abuse" or "hospital" or "rape" or "battery" or "assault" or "conditions" or "overcrowded" or "crowded" or "cold" or "food" or "bed" or "bedding" or "shackle" or "shackles" or "accommodation" or "accommodations" or "unaccompanied" or "medical" or "waste" or "unsanitary" or "feces" or "fecal" or "frigid" or "water" and remitted potentially responsive records to CBP FOIA. | |
| | 76.   All CBP personnel, whether domestic or abroad, are required to report significant incidents to the SITROOM, and the SIR module tracks and stores all of those SIRs. | Howard ¶ 42 |
| | 77.   CSCD, which develops, implements, and oversees CBB's compliance with DHS Standards to Prevent, Detect, and Respond to Sexual Abuse and Assault in Confinement Facilities, searched its SharePoint website for records responsive to items 2 and 3 of Plaintiffs' request and remitted potentially responsive records to CBP FOIA. | Howard ¶ 44-46 |
| | 78.   CBP produced to Plaintiffs the non-exempt portions of 11,541 pages of records and 35 audio files. | Howard ¶ 47 |
| | 79.   Patrick Howard, a Branch Chief in CBP's FOIA Division, has submitted a declaration that discusses CBP's searching and processing in greater detail. | Howard ¶¶ 1, 8-46 |

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 80.   Patrick Howard, a Branch Chief in CBP's FOIA Division, has submitted a declaration that describes the basis for CBP's withholdings due to FOIA exemptions. | Howard ¶¶ 1, 48-65 |
| 81.   CBP has submitted a *Vaughn* index that describes the information withheld and the bases for the withholdings under FOIA exemptions in greater detail. | Howard ¶ 48, Ex. 1 |
| 82.   Patrick Howard, a Branch Chief in CBP's FOIA Division, has submitted a declaration that explains that CBP has released all reasonably segregable non-exempt information responsive to the FOIA request. | Howard ¶¶ 1, 66 |
| 83.   Neither CBP, CRCL, ICE, nor OIG has charged Plaintiffs fees in connection with responding to Plaintiffs' FOIA request. | Howard ¶ 7; Tyrrell ¶ 18; Pineiro ¶ 46; Goal ¶ 40 |

Dated:  February 7, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Emily Sue Newton*
EMILY S. NEWTON
Va. Bar No. 80745
STUART J. ROBINSON
Cal. Bar No. 267183
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC  20530
Tel: (202) 305-8356
Fax: (202) 616-8470
Email: emily.s.newton@usdoj.gov

*Counsel for Defendants*

1