Daniel J. Pochoda (Bar No. 021979)
Kathleen E. Brody (Bar No. 026331)
ACLU FOUNDATION OF ARIZONA
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
Tel:   (602) 650-1854
Email: *dpochoda@acluaz.org*
Email: *kbrody@acluaz.org*

David Loy
Mitra Ebadolahi
ACLU FOUNDATION OF SAN DIEGO
AND IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138
Tel:   (619) 232-2121
Email: *davidloy@aclusandiego.org*
Email: *mebadolahi@aclusandiego.org*

Whitty Somvichian (CA SBN 194463)
Aarti G. Reddy (CA SBN 274889)
COOLEY LLP
101 California Street
5th Floor
San Francisco, CA  94111-5800
Tel:   (415) 693-2000
Email: *wsomvichian@cooley.com*
Email: *areddy@cooley.com*

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF ARIZONA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY OFFICE FOR CIVIL RIGHTS AND CIVIL LIBERTIES, *et al.*,<br><br>Defendants. | No.  CV-15-00247-PHX-JJT<br><br>**PLAINTIFFS' CONTROVERTING STATEMENT OF FACTS**<br><br>Judge:   Hon. John J. Tuchi |

Pursuant to Local Civil Rule 56.1(b), Plaintiffs respectfully submit this

143247962                                1.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Controverting Statement of Material Facts. The numbered paragraphs below correspond to those found in Defendant's Statement of Material Facts. See ECF No. 57.

1. Plaintiffs agree that this paragraph is not in genuine dispute.
2. Plaintiffs agree that this paragraph is not in genuine dispute.
3. Plaintiffs dispute this paragraph, which contains a conclusion of law regarding the adequacy of CRCL's search rather than a statement of fact. Specifically, Plaintiffs dispute that CRCL adequately determined that its Compliance Branch was the "only branch likely to have records responsive to the FOIA request." This is incorrect, as Plaintiffs explain in their Cross Motion for Summary Judgment. *See* Pl's Cross Mot. for Summ. J. at 9.
4. Plaintiffs dispute this paragraph, which contains a conclusion of law regarding the adequacy of CRCL's identification of repositories likely to possess responsive records rather than a statement of fact. Specifically, Plaintiffs' dispute that CRCL has adequately explained why all potentially responsive records would be located in its Entellitrak database. This is incorrect, as Plaintiffs explain in their Cross Motion for Summary Judgment. *See* Pl's Cross Mot. for Summ. J. at 9.
5. Plaintiffs agree that this paragraph is not in genuine dispute.
6. Plaintiffs agree that this paragraph is not in genuine dispute.
7. Plaintiffs dispute this paragraph. Although CRCL claims to have released 4,640 pages to Plaintiffs, this production includes 423 pages that were bates-labeled but their contents were entirely redacted. Reddy Decl. ¶ 9.
8. Plaintiffs agree that this paragraph is not in genuine dispute.
9. Plaintiffs agree that this paragraph is not in genuine dispute.
10. Plaintiffs agree that this paragraph is not in genuine dispute.
11. Plaintiffs dispute this paragraph, which contains a conclusion of law regarding the adequacy of CRCL's *Vaughn* Index rather than a statement of fact. Specifically, Plaintiffs dispute that CRCL's *Vaughn* Index adequately describes the information withheld and the bases for the withholdings in accordance with applicable law.

This is incorrect, as Plaintiffs explain in their Cross Motion for Summary Judgment. *See* Pl's Cross Mot. for Summ. J. at 19.

12. Plaintiffs dispute this paragraph, which contains a conclusion of law regarding CRCL's production rather than a statement of fact. Specifically, Plaintiffs dispute that CRCL has "release[d] all reasonably segregable non-exempt material." This is incorrect, as Plaintiffs explain in their Cross Motion for Summary Judgment. *See* Pl's Cross Mot. for Summ. J. at 29-30.

13. Plaintiffs do not dispute that ICE's FOIA Office forwarded Plaintiffs' FOIA Request to the offices referenced in this statement. Plaintiffs object to this paragraph as containing a conclusion of law regarding the adequacy of ICE's identification of offices likely to contain responsive records.

14. Plaintiffs do not dispute that ICE's Information Disclosure Unit tasked the offices referenced in this statement to search for information responsive to Plaintiffs' FOIA Request. Plaintiffs object to this paragraph as containing a conclusion of law regarding the adequacy of ICE's identification of offices likely to contain responsive records.

15. Plaintiffs dispute this paragraph, which contains a conclusion of law regarding the adequacy of ICE's search rather than a statement of fact. Specifically, Plaintiffs dispute that describing a "manual search" based on an individual's "subject matter expertise and knowledge of the offices' activities" is a legally sufficient explanation of an agency's search under FOIA, as Plaintiffs explain in their Cross Motion for Summary Judgment. *See* Pl's Cross Mot. for Summ. J. at 8.

16. Plaintiffs agree that this paragraph is not in genuine dispute.
17. Plaintiffs agree that this paragraph is not in genuine dispute.
18. Plaintiffs agree that this paragraph is not in genuine dispute.
19. Plaintiffs agree that this paragraph is not in genuine dispute.
20. Plaintiffs agree that this paragraph is not in genuine dispute.
21. Plaintiffs dispute this paragraph, which contains a conclusion of law regarding the

adequacy of ICE's search rather than a statement of fact. Specifically, Plaintiffs' dispute that ICE Office of Policy's determination that it would not have records responsive to Plaintiffs' request "based on its subject matter expertise and knowledge of the program office's activities" is a legally sufficient explanation of an agency's search under FOIA, as Plaintiffs explain in their Cross Motion for Summary Judgment. *See* Pl's Cross Mot. for Summ. J. at 9.

22. Plaintiffs dispute this paragraph, which contains a conclusion of law regarding the adequacy of ICE's search rather than a statement of fact. Specifically, Plaintiffs dispute that a search of undisclosed case numbers alone is legally sufficient to determine whether the agency contains records responsive to Plaintiffs' request, as Plaintiffs explain in their Cross Motion for Summary Judgment. *See* Pl's Cross Mot. for Summ. J. at 12.

23. Plaintiffs agree that this paragraph is not in genuine dispute.

24. Plaintiffs agree that this paragraph is not in genuine dispute.

25. Plaintiffs agree that this paragraph is not in genuine dispute.

26. Plaintiffs agree that this paragraph is not in genuine dispute.

27. Plaintiffs agree that this paragraph is not in genuine dispute.

28. Plaintiffs agree that this paragraph is not in genuine dispute.

29. Plaintiffs do not dispute that ICE has submitted a *Vaughn* Index in this litigation. Plaintiffs object that this paragraph contains a conclusion of law regarding the adequacy of ICE's *Vaughn* index. Specifically, Plaintiffs contend that ICE's *Vaughn* Index is not legally adequate, as Plaintiffs explain in their Cross Motion for Summary Judgment. *See* Pl's Cross Mot. for Summ. J. at 19.

30. Plaintiffs dispute this paragraph, which contains a conclusion of law regarding ICE's production rather than a statement of fact. Specifically, Plaintiffs dispute that ICE has "release[d] all reasonably segregable non-exempt material." This is incorrect, as Plaintiffs explain in their Cross Motion for Summary Judgment. *See* Pl's Cross Mot. for Summ. J. at 29-30.

31. Plaintiffs do not dispute that OIG's FOIA office determined that it's the referenced offices were likely to have records responsive to Plaintiffs' FOIA Request. Plaintiffs object to this paragraph as containing a statement of law regarding the adequacy of OIG's identification of offices likely to contain responsive records.
32. Plaintiffs agree that this paragraph is not in genuine dispute.
33. Plaintiffs agree that this paragraph is not in genuine dispute.
34. Plaintiffs agree that this paragraph is not in genuine dispute.
35. Plaintiffs agree that this paragraph is not in genuine dispute.
36. Plaintiffs agree that this paragraph is not in genuine dispute.
37. Plaintiffs agree that this paragraph is not in genuine dispute.
38. Plaintiffs agree that this paragraph is not in genuine dispute.
39. Plaintiffs agree that this paragraph is not in genuine dispute.
40. Plaintiffs dispute this paragraph, which contains a conclusion of law regarding the adequacy of OIG's search rather than a statement of fact.  Specifically, Plaintiffs dispute that OIG has established that OLA, OPA, and OIG's Front Office have searched "relevant" folders, as Plaintiffs explain in their Cross Motion for Summary Judgment. *See* Pl's Cross Mot. for Summ. J. at 7.
41. Plaintiffs dispute this paragraph, which contains a conclusion of law regarding the adequacy of OIG's search rather than a statement of fact.  Specifically, Plaintiffs dispute that OIG has established that it searched the emails of "relevant" employees, as Plaintiffs explain in their Cross Motion for Summary Judgment. *See* Pl's Cross Mot. for Summ. J. at 7.
42. Plaintiffs agree that this paragraph is not in genuine dispute.
43. Plaintiffs agree that this paragraph is not in genuine dispute.
44. Plaintiffs dispute that OIG collected all relevant case files for the 376 UAC-related complaints and investigations it identified.  As Plaintiffs explain in their Cross Motion for Summary Judgment, OIG failed to produce numerous attachments to Reports of Investigation related to UAC-complaints.  *See* Pl's Cross Mot. for

1      Summ. J. at 14-15.

2    45. Plaintiffs agree that this paragraph is not in genuine dispute.

3    46. Plaintiffs agree that this paragraph is not in genuine dispute.

4    47. Plaintiffs agree that this paragraph is not in genuine dispute.

5    48. Plaintiffs agree that this paragraph is not in genuine dispute.

6    49. Plaintiffs agree that this paragraph is not in genuine dispute.

7    50. Plaintiffs agree that this paragraph is not in genuine dispute.

8    51. Plaintiffs dispute this paragraph, which contains a conclusion of law regarding the adequacy of OIG's *Vaughn* index rather than a statement of fact. Specifically, Plaintiffs dispute that OIG's *Vaughn* Index adequately describes "the information withheld and the bases for the withholdings" in accordance with applicable law. This is incorrect, as Plaintiffs explain in their Cross Motion for Summary Judgment. *See* Pl's Cross Mot. for Summ. J. at 18-19.

14   52. Plaintiffs agree that this paragraph is not in genuine dispute.

15   53. Plaintiffs dispute this paragraph, which contains a conclusion of law regarding OIG's production rather than a statement of fact. Specifically, Plaintiffs dispute that OIG has "release[d] all reasonably segregable non-exempt material." This is incorrect, as Plaintiffs explain in their Cross Motion for Summary Judgment. *See* Pl's Cross Mot. for Summ. J. at 29-30.

20   54. Plaintiffs dispute this paragraph, which contains a conclusion of law regarding the adequacy of OIG's identification of relevant repositories rather than a statement of facts. Specifically, Plaintiffs dispute that only five CBP offices are likely to have records responsive to Plaintiffs request. This is incorrect, as Plaintiffs explain in their Cross Motion for Summary Judgment. *See* Pl's Cross Mot. for Summ. J. at 13-14.

26   55. Plaintiffs dispute that twenty Border Patrol Sectors searched their relevant shared drives, emails, and databases for records responsive to Plaintiffs' request. This is incorrect, as established by Defendants' own declaration. As explained in

Plaintiffs' Cross Motion for Summary Judgment, five of the Sectors did not appear to perform any searches in response to the Request. Pl's Cross Mot. for Summ. J. at 7; (Howard Decl. ¶¶ 18-19).  Moreover, multiple Sectors did not search shared drives or email.  (*E.g.*, Howard Decl. ¶ 20, 27, 31 (Houlton, Havre, and Del Rio Sectors did not search shared drives); *id.* ¶¶ 24-26 (El Paso, Laredo, and San Diego Sectors did not search email).

56. Plaintiffs agree that this paragraph is not in genuine dispute.
57. Plaintiffs agree that this paragraph is not in genuine dispute.
58. Plaintiffs agree that this paragraph is not in genuine dispute.
59. Plaintiffs agree that this paragraph is not in genuine dispute.
60. Plaintiffs agree that this paragraph is not in genuine dispute.
61. Plaintiffs agree that this paragraph is not in genuine dispute.
62. Plaintiffs agree that this paragraph is not in genuine dispute.
63. Plaintiffs agree that this paragraph is not in genuine dispute.
64. Plaintiffs agree that this paragraph is not in genuine dispute.
65. Plaintiffs agree that this paragraph is not in genuine dispute.
66. Plaintiffs agree that this paragraph is not in genuine dispute.
67. Plaintiffs agree that this paragraph is not in genuine dispute.
68. Plaintiffs agree that this paragraph is not in genuine dispute.
69. Plaintiffs agree that this paragraph is not in genuine dispute.
70. Plaintiffs agree that this paragraph is not in genuine dispute.
71. Plaintiffs agree that this paragraph is not in genuine dispute.
72. Plaintiffs agree that this paragraph is not in genuine dispute.
73. Plaintiffs agree that this paragraph is not in genuine dispute.
74. Plaintiffs agree that this paragraph is not in genuine dispute.
75. Plaintiffs agree that this paragraph is not in genuine dispute.
76. Plaintiffs agree that this paragraph is not in genuine dispute.
77. Plaintiffs agree that this paragraph is not in genuine dispute.

78. Plaintiffs dispute this paragraph, which contains a conclusion of law regarding CBP's production rather than a statement of fact. Specifically, Plaintiffs dispute that CBP has produced the non-exempt portions of 11,541 pages of records, as Plaintiffs explain in their Cross Motion for Summary Judgment. *See* Pl's Cross Mot. for Summ. J. at 19-30. Plaintiffs agree that the number of pages of records produced is not in genuine dispute.

79. Plaintiffs agree that this paragraph is not in genuine dispute.

80. Plaintiffs agree that this paragraph is not in genuine dispute.

81. Plaintiffs dispute this paragraph, which contains a conclusion of law regarding the adequacy of CBP's *Vaughn* index rather than a statement of fact. Specifically, Plaintiffs dispute that CBP's *Vaughn* Index adequately describes "the information withheld and the bases for the withholdings" in accordance with applicable law. This is incorrect, as Plaintiffs explain in their Cross Motion for Summary Judgment. *See* Pl's Cross Mot. for Summ. J. at 16-18.

82. Plaintiffs dispute this paragraph, which contains a conclusion of law regarding CBP's production rather than a statement of fact. Specifically, Plaintiffs dispute that CBP has "release[d] all reasonably segregable non-exempt material." This is incorrect, as Plaintiffs explain in their Cross Motion for Summary Judgment. *See* Pl's Cross Mot. for Summ. J. at 29-30.

83. Plaintiffs agree that this paragraph is not in genuine dispute.

DATED this 28th day of March, 2017.

Respectfully submitted,

COOLEY LLP

*/s/ Aarti G. Reddy*
Aarti G. Reddy

Whitty Somvichian
Aarti G. Reddy
COOLEY LLP
101 California Street
5th Floor
San Francisco, CA  94111-5800
Tel:    (415) 693-2000
Email: *wsomvichian@cooley.com*
Email: *areddy@cooley.com*

ACLU FOUNDATION OF ARIZONA


*/s/ Daniel J. Pochoda with permission*
Daniel J. Pochoda

Daniel J. Pochoda (Bar No. 021979)
Kathleen E. Brody (Bar No. 026331)
ACLU FOUNDATION OF ARIZONA
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
Tel:    (602) 650-1854
Email: *dpochoda@acluaz.org*
Email: *kbrody@acluaz.org*

ACLU FOUNDATION OF SAN DIEGO
AND IMPERIAL COUNTIES


*/s/ Mitra Ebadolahi with permission*
Mitra Ebadolahi

David Loy
Mitra Ebadolahi
ACLU FOUNDATION OF SAN DIEGO
AND IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138
Tel:    (619) 232-2121
Email: *davidloy@aclusandiego.org*
Email: *mebadolahi@aclusandiego.org*

*Attorneys for Plaintiffs*

## **SIGNATURE CERTIFICATION**

In accordance with Paragraph II(C)(3) of the District of Arizona ECF Administrative Policies and Procedures Manual (November 2016), I hereby certify that the content of this document is acceptable to all registered signatories required to sign it.

/s/ Aarti G. Reddy
AARTI G. REDDY