**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Civil Liberties Union of Arizona, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> United States Department of Homeland Security Office for Civil Rights and Civil Liberties, *et al.*, <br><br> Defendants. | No. CV-15-00247-PHX-JJT <br><br> **ORDER** |

At issue is the parties' Joint Status Report (Doc. 93, Report). In the Report, Plaintiffs state that Defendants have failed to comply with certain terms of the Court's August 14, 2017 Order (Doc. 76, Order) resolving the parties' summary judgment motions. Specifically, Plaintiffs contend that "Defendants have not filed sworn supplemental declarations detailing the use of adequate search terms, manual searches, and the qualifications of officials who conducted the searches" and "have not filed revised *Vaughn* indices further justifying certain exemptions, providing accurate cross-references, and improving certain descriptions." (Report at 2-3.) Plaintiffs maintain without citation that "[t]he public filing of these materials is necessary to discharge Defendants' legal obligations under the FOIA and ensure a clear public accounting of Defendants' compliance with the Court's Order—both of which are essential for Plaintiffs and the public to have any confidence that FOIA's objectives have been fulfilled here." (Report at 3.)

For their part, Defendants state that they have produced to Plaintiffs all of the supplemental information and records required by the Court's Order, including revised *Vaughn* Indices. (Report at 4-5.) Defendants further contend that the Court did not require them to file revised Declarations and *Vaughn* Indices on the public docket. (Report at 5.)

It is not clear from either party's position statement whether Defendants revised or supplemented their Declarations and provided those revisions or supplements to Plaintiffs, even in the absence of any filings on the docket. In its Order, the Court found among other things that certain of Defendants' Declarations were inadequate by failing to identify the subject matter of searches, search terms, descriptions of searches, and qualifications of those who conducted the searches, and by failing to include searches of certain specific terms. (Order at 8-15.) Thus, the Court ordered that Defendants revise or supplement their Declarations to account for all of the additional search information identified as missing or inadequate by the Court. (Order at 8-15; *e.g.*, Order at 9 (stating "any declaration that simply relies on a subject matter expert and manual searches or merely identifies the locations searched, but does not discuss subject matter, search terms, or other criteria, must be supplemented").) To the extent Defendants did not revise or supplement their inadequate Declarations and provide them to Plaintiffs, they must do so now.

With regard to the *Vaughn* Indices, it appears from the parties' position statements that Defendants did complete the revisions required by the Court's Order, even in the absence of any filings on the docket. (Order at 18-20.) To the extent they did not, they must do so now.

Whether Defendants must file with the Court the revisions to their Declarations and *Vaughn* Indices is a different matter. To date, Defendants' Declarations associated with Plaintiffs' FOIA requests in this case have made their way to the public docket through the parties' summary judgment briefing, not by regular or periodic filing on the docket by Defendants. As noted above, Plaintiffs argue without citation that Defendants

must now file revisions and supplements to their Declarations and *Vaughn* Indices on the docket "to discharge Defendants' legal obligations under the FOIA and ensure a clear public accounting of Defendants' compliance with the Court's Order." (Report at 3.) The Court cannot so conclude without authority.

Accordingly, the Court will require the parties to supplement their position statements to address what the requirements are under FOIA and in this particular case for the filing on the public docket of the information disclosed by Defendants pursuant to Plaintiffs' FOIA requests; specifically, who must file the information, what must be filed, and when it must be filed. The Court will resolve the filing requirements after reviewing the parties' supplemental briefs, at which time the Court will also address Defendants' request to set another summary judgment briefing schedule.

In their position statements, the parties also disagree about whether the supplemental information Defendants provided was properly identified (with Bates numbers or otherwise) and cross-referenced with previously provided information. It should go without the Court having to say that information provided pursuant to a FOIA request must be identified. The Court trusts the parties can work together to properly identify the information provided and presumes that revisions or supplements to Defendants' Declarations will resolve any discrepancies, considering that those Declarations must be reasonably detailed and non-conclusory, *Hamdan v. DOJ*, 797 F.3d 759, 772 (9th Cir. 2015), and must describe "what records were searched, by whom, and through what process," *Lawyers' Comm. for Civil Rights v. U.S. Dep't of Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008) (citation omitted).

**IT IS THEREFORE ORDERED** that, to the extent Defendants have not already submitted to Plaintiffs revised or supplemented Declarations pursuant to the Court's Order (Doc. 76 at 8-15), or revised *Vaughn* Indices pursuant to the same Order (Doc. 76 at 19-20, 22, 25-26), Defendants shall submit to Plaintiffs the required revisions and/or supplements by June 4, 2018, and Defendants shall file with the Court a Notice of Compliance the same day.

1   **IT IS FURTHER ORDERED** that, as discussed in more detail in this Order, the
2   parties shall each file a brief not to exceed five pages by June 4, 2018, addressing the
3   requirements for filing on the public docket the information provided pursuant to a FOIA
4   request. No responses or replies are permitted.
5       Dated this 23rd day of May, 2018.

                                                Honorable John J. Tuchi
                                                United States District Judge